*Hardin, for appellant.*

---

## COMMONWEALTH *v.* JAMES DUNN.

**Criminal Law—Sufficiency of Indictment.**

In order to make an indictment good against a licensed liquor dealer for suffering spirituous liquors to be drunk in his saloon by one in the habit of becoming drunk, it must be charged that the accused knowingly suffered such liquors to be drunk in his saloon.

APPEAL FROM LOGAN CIRCUIT COURT.

September 9, 1879.

OPINION BY JUDGE COFER:

"That it shall not be lawful for any person having a license to sell spirituous, vinous or malt liquors by the drink or otherwise, to sell, give or loan of such liquors, or the mixture of either, knowingly, to any person who is an inebriate, or in the habit of becoming intoxicated or drunk by the use of such liquors, or to suffer or permit any such person to drink any of such liquors, or the mixture of either, in his bar-room or saloon, or in or upon any tenement or premises

in his possession or under his control. Any one so offending shall be subject to a fine of fifty dollars for each offense, to be recovered by indictment of a grand jury in any court of competent jurisdiction, or by warrant before the county judge or a justice of the peace of the county in which the offense was committed; and the person so found guilty shall also be deemed as having forfeited his license, and the court before which the trial is had shall so adjudge." Sec. 2, Act March 6, 1878, Sess. Acts, page 30.

The appellee, who is a licensed vendor of liquors, was indicted under the statute for suffering "E. W. Wyatt to drink spirituous liquors in his, Dunn's, saloon, he, Dunn, being then a licensed seller of spirituous liquors, and said E. W. Wyatt being in the habit of becoming drunk by the use of such liquors."

The circuit court sustained a demurrer to the indictment and the commonwealth has appealed. The judgment is correct. The language of the statute provides "that it shall be unlawful to sell, give, or loan such liquors, knowingly, to any person who is an inebriate, or in the habit of becoming intoxicated or drunk by the use of such liquors, or to suffer or permit any such person to drink of such liquor, or a mixture of either, in his saloon," etc.

It is clear that in order to convict for selling, giving, or loaning liquors to an inebriate it is necessary to show that the defendant knew that he was an inebriate "or in the habit of becoming drunk", and the rules of both legal and grammatical construction require that the second clause of the sentence should be construed as if it read "or knowingly to suffer or permit any such person to drink," etc.

Because of the omission to allege that the defendant had knowledge of the habit of Wyatt to become drunk, the indictment was bad.

Judgment *affirmed*.

*Hardin, for appellant.*